# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Financial Engines, LLC,**

        **Plaintiff,**

v.                                                       Case No. 18-2619-JWL

**Eric Susi and Andrew D. Smith,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed a state court petition against defendants, two of plaintiff's former employees, asserting state law claims of breach of contract, breach of common law duty of loyalty and misappropriation of trade secrets. Defendants timely removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff did not challenge the removal. Approximately one month later, in December 2018, this court granted the parties' joint motion for a stipulated preliminary injunction.

Defendants have now filed a motion to dissolve the injunction and to remand to state court (doc. 34) because it has discovered, through pleadings filed in another lawsuit, that diversity jurisdiction does not and did not exist in this case. Specifically, defendant asserts that plaintiff has now traced the citizenship of each individual member of the LLC and has realized that the LLC's membership includes an investment partnership with a substantial number of limited-partner investors, including at least one Ohio citizen. In its response, plaintiff does not dispute that it is an Ohio citizen for purposes of diversity jurisdiction. Because defendants are also Ohio citizens, diversity jurisdiction does not exist and did not exist at the time of removal. While

plaintiff concedes that diversity jurisdiction does not exist, plaintiff asserts that remand is nonetheless not appropriate because the court has federal question jurisdiction over plaintiff's complaint. In the alternative, plaintiff asserts that there is no basis to dissolve the stipulated injunction and that the state court must decide what effect to give that injunction.

*Federal Question Jurisdiction*

In response to the motion to remand, plaintiff first asserts that the facts already set forth in plaintiff's petition give rise to federal question jurisdiction. In plaintiff's state court petition, plaintiff alleged three claims arising under state law—breach of contract; breach of a duty of loyalty; and misappropriation of trade secrets in violation of the Kansas Uniform Trade Secrets Act, K.S.A. § 60-3320 et seq. Plaintiff alleged subject-matter jurisdiction pursuant to K.S.A. § 20-301, which grants all Kansas district courts "general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law." Plaintiff now asserts that, despite the fact that it did not plead a federal claim or invoke federal jurisdiction, the facts alleged in the petition support a claim under the federal Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836 et seq. According to plaintiff, then, because the petition sets forth a claim under the federal DTSA, the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

Plaintiff directs the court to several cases supporting its argument, but each of these cases is distinguishable from this case in key respects. In *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375 (10th Cir. 1978), the issue before the court was whether the Tenth Circuit or the Temporary Emergency Court of Appeals had appellate jurisdiction over a case asserting state law breach of contract claims filed in state court but later removed to federal court. In determining

2

whether the case was one "arising under" federal law for purposes of federal question jurisdiction, the Circuit explained:

> A case "arises" under the laws of the United States if it clearly and substantially involves a dispute or controversy respecting the validity, construction or effect of such laws which is determinative of the resulting judgment. Thus, if the action is not expressly authorized by federal law, does not require the construction of a federal statute and/or regulation and is not required by some distinctive policy of a federal statute to be determined by application of federal legal principles, it does not arise under the laws of the United States for federal question jurisdiction.

*Id*. at 1381 (citations omitted). Ultimately, the Circuit held that federal question jurisdiction existed under § 1331 because the complaint invoked a substantial federal question—namely, the plaintiff's damage claim was premised on federal oil-pricing regulations. *Id*. at 1382 (The plaintiff's complaint "finds its remedial prayer anchored to an interpretation and applicability of federal laws and regulations governing the price or prices it may legally charge Johnson Oil under and by reason of the aforesaid federal laws and regulations. Thus, the federal claim or claims asserted by Mountain Fuel on the face of its complaint clearly present a substantial federal question or questions arising under the laws of the United States."). Indeed, Mountain Fuel contended that "because of the federal laws and regulation it was entitled to more monies for the sale of oil to Johnson Oil than the prices set forth in the written agreement." *Id*.

Unlike *Mountain Fuel*, nothing on the face of plaintiff's petition is tied to an interpretation or application of federal laws or regulations. Thus, while plaintiff highlights broad legal principles espoused by the Circuit in *Mountain Fuel* (e.g., "The general rule is that a motion to dismiss an action for lack of subject matter jurisdiction will be denied even though the allegation of jurisdiction is insufficient or entirely lacking if there are facts pleaded in the complaint from which jurisdiction may be inferred in essence and effect."), plaintiff has not demonstrated that the

3

application of that principle in *Mountain Fuel* is at all helpful in the context presented here. In other words, while the plaintiff in *Mountain Fuel* had not alleged federal jurisdiction (because, of course, it had filed its petition in state court), the Circuit, from the face of the complaint, could readily ascertain that federal question jurisdiction existed due to the petition's reliance on federal oil-pricing regulations that necessarily supported the claim for damages. In this case, nothing in the state court petition filed by plaintiff involves a dispute or controversy about the validity, construction or effect of any federal law. While the facts alleged might support a claim under a federal law such as the DTSA in addition to the specific state law claims asserted by plaintiff, the facts alleged do not necessarily present a federal question and do not require the construction or application of federal law. *See Hooten v. Ikard Servi Gas*, 525 Fed. Appx. 663, 669 (10th Cir. May 3, 2013) (even though plaintiff could have asserted his claims under either state or federal law, he pleaded them as state-law claims and the complaint therefore did not assert any valid basis for federal question jurisdiction).

The remaining cases cited by plaintiff in support of its argument that the petition supports federal question jurisdiction are also distinguishable from the facts here. In that regard, plaintiff relies on several cases which, when examined beyond the broad legal principles highlighted by plaintiff, demonstrate that courts must be willing to correct a plaintiff's jurisdictional allegations when those allegations do not in fact provide jurisdiction in the specific case. In *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179 (5th Cir. 1980), for example, the Fifth Circuit held that the district court should not have dismissed a case for lack of subject matter jurisdiction when the plaintiff, who filed suit in federal court alleging age and sex discrimination arising out of her employment, failed to allege jurisdiction under Title VII and the ADEA and instead alleged diversity

jurisdiction. *Id*. at 180. As explained by the Fifth Circuit, the complaint clearly revealed a proper basis for assuming jurisdiction and the court had a duty to read the complaint liberally to determine whether the facts set forth justify it in assuming jurisdiction "other than those pleaded." *Id*. at 181; *see also Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1515 (9th Cir. 1987) (plaintiff improperly relied on 28 U.S.C. § 1343 as basis for federal jurisdiction and court should have considered whether another ground for subject matter jurisdiction existed other than the one that was improperly asserted); *Vukonich v. Civil Service Commission*, 589 F.2d 494, 496 n.1 (10th Cir. 1978) (plaintiff's improper reliance on Administrative Procedure Act for federal jurisdiction was not fatal where complaint revealed a basis for § 1331 jurisdiction); *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1265 (7th Cir. 1978) (plaintiff mistakenly relied on 42 U.S.C. § 1983 for her claims of sex and age discrimination; district court should have permitted plaintiff to correct that allegation to refer to Title VII and the ADEA and to allege requisite exhaustion); *Paynes v. Lee*, 377 F.2d 61, 63 (5th Cir. 1967) (plaintiff relied on improper bases for jurisdiction over his civil rights claims, but jurisdiction was "clearly conferred" by 42 U.S.C. § 1985(3) and district court erred in granting motion to dismiss).[1]

In each of these cases, then, the plaintiff had filed a lawsuit in federal court and had attempted to invoke federal jurisdiction but simply relied on the wrong statute or theory in doing

---

[1] Plaintiff also relies on *Curley v. Brignoli, Burley & Roberts Assocs.*, 915 F.2d 81, 84 (2d Cir. 1990), a case that is not at all persuasive to the court. In that case, the Second Circuit recharacterized the plaintiff's lawsuit as a class rather than a derivative action and dismissed a limited partnership as a party defendant during the appeal to preserve the existence of diversity jurisdiction in light of the Supreme Court's decision in *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (citizenship of limited partners must be taken into account to determine whether there is diversity of citizenship among the parties).

so. These cases demonstrate that district courts, under those circumstances, have a duty to ascertain whether the facts of the complaint reflect a proper basis for federal jurisdiction despite the improper basis pleaded in the complaint. Those circumstances are not present here. Plaintiff here did not intend to invoke federal jurisdiction when it filed its state court petition and thus did not assert an improper basis for jurisdiction in that petition. Plaintiff properly alleged subject-matter jurisdiction under the Kansas statute. The court, then, certainly has no duty to ascertain whether an alternative, proper basis for jurisdiction exists within the contours of the petition. Simply put, there is no mistake in the petition's jurisdictional allegations that the court should endeavor to correct.

Plaintiff next contends that if the court finds that the facts in the petition are insufficient to support federal question jurisdiction, then plaintiff should be permitted to amend its petition to expressly assert a claim under the DTSA. In support of this argument, plaintiff directs the court to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." For the same reasons set forth above, this argument fails. Plaintiff's petition does not contain "defective" allegations of jurisdiction—plaintiff never intended to invoke federal jurisdiction and therefore did not assert an improper basis for jurisdiction. This key fact distinguishes this case from each of the cases cited by plaintiff. Plaintiff here relies primarily on *Martinez v. United States Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986). *Martinez* was a wrongful death action filed by the personal representative of the estate of an amateur boxer who died from injuries sustained in a boxing tournament. *Id*. at 1276. The plaintiff filed suit in federal court (thus, clearly intending to invoke federal court jurisdiction) claiming diversity jurisdiction and also federal question jurisdiction on the grounds that the

6

boxer's "rights and guarantees as provided by the constitutions and laws of the State of New Mexico and these United States, were violated under color of law." *Id*. at 1278. On motions to dismiss, the district court found both federal question and diversity jurisdiction lacking. *Id*.

Relying on 28 U.S.C. § 1653, the Tenth Circuit held that the district court should have found that it had federal question jurisdiction because the plaintiff, at oral argument on the motions to dismiss, had alleged that the Amateur Sports Act of 1978 provided a private cause of action that she was entitled to assert. *Id*. at 1280. Contrary to plaintiff's suggestion, the plaintiff in *Martinez* was not permitted to allege or invoke federal jurisdiction for the first time in response to the motion to dismiss. Rather, the Circuit pointed to the fact that the plaintiff had alleged in her complaint that the case was one arising under federal law (and, of course, the plaintiff had filed her lawsuit in federal court, evincing an intent to invoke federal court jurisdiction). Those allegations, however, were deemed insufficient and she was permitted to amend those allegations to include specific reference to the Amateur Sports Act of 1978. In this case, plaintiff never alleged federal jurisdiction and, by filing exclusively state-law claims in state court despite the apparent availability of federal claims, presumably was avoiding federal jurisdiction—which it was entitled to do as the master of its complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

The other cases relied upon by plaintiff in this portion of its brief are similar—in each case, the plaintiff invoked federal jurisdiction but those allegations, for whatever reason, were deemed insufficient or improper. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998) (plaintiffs invoked federal jurisdiction in their complaint, relying on flawed

theory of diversity of citizenship, but were permitted to amend to assert admiralty jurisdiction where plaintiff sought to recover under a marine cargo insurance contract); *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. Unit A 1981) (plaintiffs' complaint set forth a number of federal statutes under which federal jurisdiction was invoked; district court erred in dismissing for lack of subject matter jurisdiction where the complaint alleged that federal officials violated plaintiffs' federal constitutional rights to due process); *Peak v. Topeka Housing Authority, City of Topeka*, 78 F.R.D. 78, 81 (D. Kan. 1978) (amendment permitted where plaintiff filed suit under the Civil Rights Act of 1866 but failed to allege a statute conferring subject matter jurisdiction).

As these cases recognize, then, section 1653 permits the amendment of "defective" allegations of jurisdiction in cases where federal jurisdiction has existed from the filing of the complaint. Even liberally construed, that section "does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not." *See Advani Enterprises*, 140 F.3d at 161. (citation omitted). Plaintiff's requested amendment would do just that—add a new cause of action that would confer federal jurisdiction for the first time. *See Brennan v. University of Kansas*, 451 F.2d 1287, 1289 (10th Cir. 1971) (disallowing a plaintiff to amend on appeal his complaint under 28 U.S.C. § 1653 to assert a new, substantive federal claim to avoid dismissal of his complaint on the basis of sovereign immunity; "[a]n amendment such as contemplated by appellant is not within the purview of the statute."). Of course, plaintiff could have sought leave to file a post-removal amended complaint to add a federal claim under the DTSA and, assuming the parties had not yet discovered that diversity jurisdiction did not exist, the court would have acquired federal question jurisdiction over the case at that point. *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1247-48 (10th Cir.

2004) (remand not required even though diversity jurisdiction did not exist because federal question jurisdiction had attached by virtue of plaintiff's amended complaint asserting federal claim).

In short, none of the authorities cited by plaintiff, and none uncovered by the court, persuades the court that federal question jurisdiction in this case may be sustained on the basis of a state court petition that does not invoke a substantial federal question and does not otherwise invoke federal jurisdiction in any respect. *Compare Hansen v. harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (plaintiff is master of his complaint for purposes of ascertaining whether a case can be removed to federal court based on federal question jurisdiction; if plaintiff files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction). Just as the court would not have permitted defendant to remove plaintiff's petition from state court based on federal question jurisdiction, the court cannot permit plaintiff's petition to remain in federal court based on federal question jurisdiction. Because plaintiff's petition does not allege or invoke federal question jurisdiction, and because diversity jurisdiction does not exist, the court lacks subject matter jurisdiction over this case and it must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

*Vacating the Stipulated Preliminary Injunction*

Lastly, the parties dispute whether the court must vacate the stipulated preliminary injunction or whether the court may leave that injunction intact for the state court to determine what effect, if any, to give to it. Under established Tenth Circuit precedent, it is clear that the

court's order entering the preliminary injunction must be vacated. *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (because district court never had jurisdiction over case and removal was improper, any post-removal actions taken by district court were ineffectual; in such circumstances, all post-removal orders must be vacated); *accord RMP Consulting Group, Inc. v. Datronic Rental Corp.*, 1999 WL 617690, at *3 (10th Cir. 1999) (vacating all post-removal orders entered by district court where district court never had jurisdiction over the case).[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to remand (doc. 34) is **granted** and the stipulated preliminary injunction is **vacated.**

**IT IS FURTHER ORDERED THAT** this case is remanded to the District Court of Johnson County, Kansas.

**IT IS SO ORDERED.**

Dated this 30th day of April, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] The court does not opine on whether the parties' stipulation underlying the court's preliminary injunction has the binding force of contract that could be enforced by plaintiff.